Wardlaw, J.
delivered the opinion of the Court.
The decision of the motion made in this case, requires us to consider only the 5th ground of appeal. The defendant had pleaded the general issue and liberum tenementum. The Circuit Judge held that the latter plea admitted the fact of trespass, so that if under it the defendant failed to show a title, the plaintiff was of course entitled to recover something, and the jury, assuming the fact of trespass, could enquire only concerning the damages.
If liberum tenementum had been the only plea, the trespass would have been admitted (2 McC. 226): and the de *175 fendant would have had the right to begin and reply (1 N. and McC. 356). We permit the defence of title to be made tinder the general issue in trespass quare clausum fregit, (Rice’s Rep. 64; 1 Strob. 313,) and perhaps this right is the only advantage which a defendant can gain by pleading liberum tenementum; this he loses when he adds the general issire (3 Chit. Gen. Prac. 874). But as the addition of the general issue thus takes an advantage from the defendant, so it is effective to impose a burden upon the plaintiff. That which liberum tenementum, if pleaded singly, would have admitted, is denied by the general issue, and must be established by the party who affirms.
The question whether the two pleas were too inconsistent to stand together, was proper for consideration when the leave to plead double was granted: but grant of such leave may not restrain the subsequent exercise of discretion by the Court as to the rights which the defendant shall have under his pleas, and considering the question now, this Court is of opinion that under the Stat. 4 Anne, c. 16, these pleas may be allowed.to stand together.
In granting the leave contemplated by that statute, it was formerly the practice of the Common Pleas to disallow some pleas which were inconsistent to be pleaded together: the practice of the King’s Bench being more loose (see 1 Sell. Pr. 299). But in modem practice, as many grounds of defence as may be thought necessary may be pleaded together, although they may appear to be contradictory or inconsistent. (1 Steph. Plead. 275; 1 Chit. PL 542; 3 Chit. Gen. Prac. 735.) The exceptions recognized are' — 1. That matters requiring different trials cannot be pleaded together, under which exception difficulty (not felt in our practice) has been sometimes felt in allowing mil tiel record to be pleaded with other pleas ; 2. That tender cannot be pleaded with the general issue, the former containing an express admission on the record of the liability, which the latter denies; 3. Some special instances concerning the plea of alien enemy, actions where the king is a party, actions on penal statutes, and writs of error. Under the new practice introduced into the Courts of Westminster since the accession of William the fourth, inconsistency of pleas is not at all regarded, (3 Dowl. 564) but the object of those Courts in interfering with pleas is usually to prevent the same defence being pleaded in different forms, (3 Dowl. 133): although now, as formerly, the discretion of the Court will,» under special circumstances, be exercised to prevent unjust embarrassment by different pleas, (13 East, 255; 3 Bing. 635; 4 Bing. 525).
*176 In our practice non assumpsit and the statute of limitations, non est factum and infancy, not guilty and justification in slander, general issue and license in trespass, are amongst many other familiar instances which might be mentioned, of inconsistent pleas allowed to stand together. No reason is perceived why justification by freehold title should, in this respect, be distinguished from other justification in trespass quare clausum fregit.
The defence specially pleaded by the plea of liberum tene-mentum may, as we said before, be shown under the general issue in pur practice — and although older cases raised doubts on the subject, the case of Doold v. Kiffin, 7 Term, 350, shows that the same might have been done in England before the late rules of pleading were adopted there. Yet as liberum tenementum, whilst it asserts the freehold to be in the defendant, does not exclude the possibility of the plain-' tiff’s being possessed of the premises for a term of years, and thus leaves the plaintiff a sufficient implied color, it is in form good as a plea by way of confession and avoidance; and as the matter which it alleges, although admissible on the general issue, is, if true, matter to show that an implied color of action by the plaintiff is bad in law, it is not liable to the objection of amounting only to the general issue (1 Chit. PI. 499 ; Steph. PI. 316). It contains no denial of what the plaintiff would be bound, to prove in the first instance on the general issue, for it admits that in point of fact the plaintiff may have been in possession of the locus in quo, which prima facie would entitle him to maintain trespass against all the world but the rightful owner, and then it alleges matter whereby the act complained of is shown to be no trespass. It is like infancy or payment in assumpsit, which may be pleaded specially although they may be given in evidence under the. general issue; and as either of these may stand, with the general issue, so may it. Like every plea by way of confession and avoidance, it is necessarily inconsistent with a general traverse; and standing alone, it is an admission of all traversable matters alleged on the other side, which are not traversed by it, as every good pleading is — but no more than most other pleas, does it make (as tender does) a conclusive admission, which another plea pleaded with it may not retract.
No doubt, in a peculiar case, such as those mentioned above, where the discretion of the Courts in England has been exercised, our Courts would interfere to prevent unjust embarrassment by double pleading: but this was no such case, and we think, that the defendant ought not to have *177 been held to the admission of a fact which one of his pleas confessed but the other denied.
The motion for a new trial is granted.
Richardson, J. Evans, J. and Withers, J. concurred.